## UNITED STATES DISTRICT COURT
## EASTREN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ARMAND BRADLEY, individually, and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>BROOKHAVEN BOROUGH,<br>    Defendant. | Case No.  25-cv-155<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Armand Bradley brings this class action on behalf of himself and all others similarly situated against Brookhaven Borough ("Brookhaven" or "Defendant").  Plaintiff alleges the following upon personal knowledge as to herself and as to all other matters upon information and belief.

**I.       INTRODUCTION**

1.       This class action arises from Brookhaven's reckless deprivation of persons' constitutional rights to property, notice, and a hearing in conjunction with Brookhaven's towing, impounding, and disposal of vehicles.

2.       When a locality such as Brookhaven tows, impounds, or disposes of a vehicle, it has various obligations under state law and federal constitutional law.

3.      Among its obligations, Brookhaven must provide the affected vehicles' owners[1] with notice of the vehicle's removal, status, and location, as well as information on how a vehicle may be reclaimed.

4.      However, between approximately January 2023 and approximately spring of 2024, Brookhaven never sent any notices nor afforded any opportunity for a hearing to owners of vehicles that Brookhaven had towed, impounded, or disposed.

5.      Hundreds of persons had their vehicles towed, impounded, or disposed of during this time. None of them ever received any notice of their vehicles' status or location, nor information on how to reclaim their vehicles, nor an opportunity to appear to dispute or otherwise reclaim their vehicles.

6.      Instead, Brookhaven wrongly towed, impounded, and disposed of numerous vehicles, without providing the most fundamental irreducible Due Process protections of notice and a hearing.

7.      Compounding its shocking and blatant conduct, Brookhaven and/or its towing agent also has disposed of vehicles that were wrongly towed and impounded without notice and a hearing. Brookhaven and/or its hired agent unjustly profited off of this illicit practice to the extent vehicles were sold.

8.      Plaintiff brings this action on behalf of himself and other persons similarly situated for injunctive, declaratory, and monetary relief because Brookhaven's conduct constitutes a violation of Plaintiff's and other class members' state and federal constitutional rights, as well as negligence and unjust enrichment under state law.

---

[1] As used herein, "owners" also includes lessors and lienholders.

## II.    PARTIES

9.    Plaintiff Armand Bradley is a citizen and resident of Woodlyn, Pennsylvania.

10.    Defendant Brookhaven Borough is a local governmental entity in the Commonwealth of Pennsylvania, with its principal place of business and address at 2 Cambridge Road, Suite 100, Brookhaven, PA 19015. "Brookhaven" includes Defendant Brookhaven Borough and its departments, employees, officials, offices, and agents, such as its local police department and towing agents.

## III.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

12.    This Court has personal jurisdiction over Brookhaven because it is a local governmental entity located within this District, conducts substantial business in this District, and the injuries alleged herein occurred in this District.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Brookhaven is located in this District, Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## IV.    FACTUAL BACKGROUND

### A. Overview of Pennsylvania Requirements for Towing, Impounding, and Disposal of Vehicles

14.    One of the most basic tenets of Due Process is a person's right to notice and an opportunity to be heard. Unfortunately, Brookhaven has denied these fundamental rights to dozens, if not hundreds, of individuals whose vehicles Brookhaven has towed, impounded, or disposed of by Brookhaven.

15.    Local governmental entities tow, impound, or dispose of vehicles for a variety of reasons.

3

16.     For example, a local governmental unit, typically through its local police department and/or towing agent, may identify a vehicle within a locality's borders as potentially abandoned. *See, e.g.*, 75 Pa. C.S. §§ 7304, 7310. Similarly, persons may report to police vehicles that have been parked on their private property for more than 24 hours, or left at auto garage shops. *See, e.g.*, Pa. C.S. § 7311, 7311.1.

17.     Other times, a local governmental unit, again typically through its local police department and/or towing agent, may tow or impound a vehicle in connection with a variety of related events, such as vehicle accidents (*see, e.g.*, 73 Pa. C.S. § 1971.3), alleged operation of a vehicle without a valid license (*see, e.g.*, 75 Pa. C.S. § 6309.2), alleged failure to pay fines (*see, e.g.*, 75 Pa. C.S. §§ 6309, 6309.1), or in connection with a variety of alleged motor vehicle driving violations including but not limited to if the owner is taken into custody and the vehicle is seized because it is alleged to be illegally parked.

18.     Whatever the nature of the underlying event that led to a vehicle being towed, impounded, or deemed disposable, a local governmental unit, via its local police department and/or towing agent, must provide notice and an opportunity to be heard to the vehicle's owner.

19.     For instance, if a person operates a vehicle without a license and her vehicle is impounded, the local police or towing agent must provide notice by the most expeditious means and by first class mail, proof of service, of the towing, storage, and location of the vehicle to the owner. *See* 75 Pa. C.S. § 6309(c). Vehicles must be released upon the payment of all applicable fines or costs. *See* 75 Pa. C.S. § 6309(d).

20.     Similarly, in the case of vehicles deemed to be abandoned or unclaimed, multiple records must be created concerning the towing, impoundment, and disposal of vehicles. *See, e.g.*, 75 P.S. § 7303.1(a)-(b), 7304, 7304.1, § 7311, 7311.1. Certain of these records must be provided

to the Pennsylvania Department of Transportation ("PennDOT"). *See, e.g.*, 75 Pa. C.S. § 7304. The submission of required records to PennDOT triggers a variety of obligations to provide notice to affected vehicles' owners by direct mail or publication. *See, e.g.*, 75 Pa. C.S. § 7305.

21.    The importance of notice is not only procedural, but substantive and practical as well. Absent notice, vehicle owners lack the information necessary to understand what happened to their vehicles, where they are, and how they can be reclaimed.

22.    Indeed, Pennsylvania law is explicit about what information must be included in notices sent to affected vehicle owners. That information, for example, includes: (i) the make, model, title number, vehicle registration plate number of the vehicle; (ii) the location of the police department that processed the vehicle; (iii) the location where the vehicle is being held; (iv) a statement apprising owners of their right to reclaim the vehicle and its contents within 30 days after the date the notice was mailed at the place where the vehicle is being held; (v) a statement that failure to reclaim the vehicle and its contents could be deemed to be consent by the owner to the destruction, sale or other disposition of the abandoned vehicle and its contents and of all lienholders to dissolution of their liens; (vi) a statement that the owner, within 30 days of the mailing date of the notice, may request from the appropriate police department a copy of the abandoned vehicle information report and of their right to a hearing conforming to the state-law requirements. *See* 75 Pa. C.S. § 7305(b).

23.    In the event a vehicle is not reclaimed, additional records must be generated before a vehicle is disposed, including additional notice. *See, e.g.*, 75 Pa. C.S. §§ 7307, 7309. Only then may a local governmental entity and/or its towing agent sell or otherwise dispose of a vehicle. *Id.* Sale or auction of a vehicle terminates owners' property rights (*see, e.g.*, 75 Pa. C.S. § 7309(d)), and the local governmental entity and/or its hired agent keeps all of the proceeds. However, any

agent retained to sell or dispose of vehicles must possess of a salvor's license issued by PennDOT. *See, e.g.*, 75 Pa. C.S. § 7301.

24.     Thus, when the required notice is not provided, vehicle owners are denied their procedural rights to understanding the basic information about where their vehicles are, how long they might be kept there, how the vehicles might be reclaimed, that they have an opportunity to appear, etc. Similarly, when the appropriate records triggering notice are not created in the first place, vehicle owners are robbed of receiving any notice about their towed, impounded, or to-be-disposed vehicles. This, in turns, deprives vehicles owners of any opportunity to reclaim their vehicles, or to be heard to dispute the towing, impoundment, or disposal of their vehicles in the first place.

**B.  Brookhaven's Deprivation of Vehicle Owners' Rights**

25.     Brookhaven, through its local police department, directs the towing, impoundment, and disposal of vehicles within Brookhaven's borders. Brookhaven must follow Pennsylvania law and regulations including but not limited to those concerning the towing, impoundment, and disposal of vehicles. *See generally*, *e.g.,* 73 Pa. C.S. § 1971.3l; 75 Pa. C.S. § 6309; 75 Pa. C.S. §§ 7301, *et seq.* Brookhaven also has implemented its own local ordinances about the towing, impoundment, and disposal of vehicles to comport with Pennsylvania law.

26.     Prior to 2023, Brookhaven had contracted with Steve Luongo's Towing, Inc. ("Luongo's") to serve as Brookhaven's agent for the towing, impoundment, and disposal of vehicles. It appears that Luongo's adhered to Pennsylvania law described *supra* Part IV.A.

27.     However, in or about January 2023, Brookhaven switched to a new towing agent, Lampert's Garage ("Lampert's").

28.    On information and belief, Brookhaven switched from Luongo's to Lampert's at the behest of Brookhaven's former chief of police, Michael Vice.  Mr. Vice resigned in September 2024, in the wake of a lengthy investigation which included allegations that Mr. Vice intentionally destroyed evidence.

29.    On information and belief, Lampert's did not possess a salvor's license at the time it was hired by Brookhaven, nor during its tenure as Brookhaven's towing agent. Brookhaven knew this; at a minimum, it was easily knowable to Brookhaven.

30.    Neither Brookhaven nor Lampert's sent the required notices nor created the required records discussed *supra* Part IV.A for towed, impounded, or disposable vehicles.

31.    The number of vehicles towed and impounded by Brookhaven sharply increased upon Lampert's hiring. Between January 2023 and the spring of 2024, approximately 775 vehicles appear to have been towed. This was several times more than the number of vehicles towed in prior years.

32.    This inexplicable increase may have been due in part to the alleged policy, practice, or procedure instituted by former Police Chief Vice to tow vehicles in connection with DUI stops, even if the vehicles were legally parked.

33.    Whatever the reason, neither Brookhaven nor Lampert's created, processed, or maintained the required notices or records in connection with the towing, impoundment, and disposal of vehicles.

34.    Owners of towed, impounded, and disposable vehicles never received any required notice about their vehicles, or an opportunity to be heard.

35.    In the spring of 2024, Brookhaven replaced Lampert's with Luongo's as its towing agent. Luongo's resumed its former practice of processing the appropriate records on behalf of

Brookhaven, none of which were generated during Lampert's tenure as Brookhaven's towing agent.

### C. Plaintiff's Experience

36.    Plaintiff is one of the many vehicle owners who was deprived notice and a hearing in connection with Brookhaven's improper towing, impoundment, and disposal practices.

37.    In 2023, Plaintiff owned and drove a Mitsubishi Mirage.

38.    In or about May 2023, after Brookhaven had switched its towing agent from Luongo's to Lampert's, Plaintiff was lawfully driving his vehicle in Brookhaven. While doing so, he was pulled over by Brookhaven police. Brookhaven police charged him with operating a vehicle with an expired insurance card or expired registration, and told him they would be towing and impounding Plaintiff's vehicle. On information and belief, Plaintiff's vehicle was towed by Lampert's on behalf of Brookhaven.

39.    On information and belief, neither Lampert's nor Brookhaven itself ever processed the required records for Plaintiff's vehicle.

40.    Plaintiff never received any notice about his vehicle, such as where it was located, how he could reclaim it, whether and how he could dispute the towing and impoundment, or whether his vehicle was sold or otherwise disposed. Nor did Plaintiff receive any notice about an opportunity to appear in connection with the towing and impoundment of his vehicle.

41.    Plaintiff tried to follow-up with Brookhaven himself on multiple occasions about his vehicle, but each time they did not respond to his inquiries.

42.    In the absence of any notice that should have been provided by Brookhaven and/or Lampert's, as mandated by state law, Plaintiff has been left in limbo about his vehicle, the use of which he has been deprived of to this day.

## V.    <u>CLASS ALLEGATIONS</u>

43.    Plaintiff brings this action both individually and as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) against Brookhaven on Plaintiff's own behalf and on the below class ("the Class"):

> All persons whose vehicles were towed, impounded, or disposed of by Brookhaven and/or its towing agent between January 2023 and the spring of 2024.

44.    Excluded from the Class are (a) any judge or magistrate presiding over this action, and members of their families; (b) Defendant and its employees, officers, directors, and agents; (c) Defendant's legal representatives, assigns and successors; and (d) all persons who properly execute and file a timely request for exclusion from any Court-approved class.

45.    Plaintiff reserves the right to narrow or expand the foregoing class definitions, or to create or modify subclasses as the Court deems necessary.

46.    Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class.

47.    **Numerosity**: While the exact number of class members cannot be determined without discovery, they are believed to consist of potentially dozens if not hundreds of persons. The Class is therefore so numerous that joinder of all members is impracticable.

48.    **Commonality**:  Common questions of law and fact exist as to all class members, including but not limited to:

a.    Whether Brookhaven had an obligation to properly process towed, impounded, or disposable vehicles, and the scope of that obligation;

b.    Whether Brookhaven created the records required by state law in connection with the towing, impoundment, or disposal of vehicles;

c.  Whether Brookhaven had an obligation to provide, or obligation to cause to be provided,  notice and an opportunity to be heard in connection with the towing, impoundment, or disposal of vehicles;

d.  Whether Brookhaven provided, or caused to be provided, notice and an opportunity to be heard in connection with the towing, impoundment, or disposal of vehicles;

e.  Whether Brookhaven's challenged conduct constitutes an unlawful policy, practice, procedure, or custom;

f.  Whether Brookhaven has acted intentionally, with reckless indifference, or negligently, or in a way that shocks the conscience;

g.  Whether Brookhaven's conduct constitutes a wrongful taking or seizure;

h.  Whether Brookhaven and/or its towing agent was unjustly enriched by receiving monies for towed, impounded, or disposed of vehicles without providing notice and an opportunity to be heard;

i.  Whether the challenged practices harmed Plaintiff and other members of the Class; and

j.  Whether Plaintiff and other members of the Class are entitled to damages, restitution, equitable relief, declaratory relief, and/or injunctive relief.

49.    **Typicality**:  Plaintiff's claims are typical of other class members' claims. Plaintiff and other class members all suffered the same type of harm.  Plaintiff has substantially the same interest in this matter as all other class members, and Plaintiff's claims arise out of the same set of facts and conduct as the claims of all other class members.

50.    **Adequacy of Representation**:  Plaintiff is committed to pursuing this action and have retained competent counsel experienced in class actions, consumer litigation, civil rights litigation, and federal court litigation. Accordingly, Plaintiff and Plaintiff's counsel will fairly and

adequately protect the interests of other class members. Plaintiff's claims are coincident with, and not antagonistic to, those of the other class members they seek to represent. Plaintiff has no disabling conflicts with other class members and will fairly and adequately represent the interests of class members.

51.     The elements of Rule 23(b)(2) are met. Defendant has acted on grounds that apply generally to all class members so that preliminary and/or final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole, and the Class is a cohesive group.

52.     The requirements of Rule 23(b)(3) are met. The common questions of law and fact enumerated above predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  Although many other class members have claims against Defendant, the likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Serial adjudication in numerous venues would not be efficient, timely or proper. Judicial resources would be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible. In addition, individualized rulings and judgments could result in inconsistent relief for similarly situated plaintiffs. Plaintiff's experienced counsel foresee little difficulty in the management of this case as a class action.

## VI.    <u>CAUSES OF ACTION</u>

**Count I – Violation of  Procedural Due Process Rights Under 42 U.S.C. § 1983 and Analogous State Law**

53.     Plaintiff incorporates by reference herein the ensuing paragraphs.

54.     Plaintiff asserts this claim on behalf of himself and all similarly situated class members under 42 U.S.C. § 1983, and analogous state law.

55.    Acting under color of state law, Brookhaven intentionally, recklessly, and negligently failed to instruct or control its employees and agents in their duties with respect to the towing, impoundment, and disposal of vehicles, by failing to properly process vehicles and by failing to provide notice and an opportunity to be heard.

56.    Brookhaven should have known, and upon information and belief did know, that it had an obligation under the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the towing, impoundment, and disposal of vehicles.

57.    Brookhaven failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to towing, impoundment, and disposal of vehicles, and as to notice and an opportunity to be heard in connection with same. Brookhaven had the authority and ability to prevent the deprivation of due process rights and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

58.    Brookhaven's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

59.    Brookhaven's conduct as alleged herein constitutes unlawful, deliberate, and wanton conduct, by and through its employees and agents, acting under color of state law.

60.    Brookhaven's conduct as alleged herein constitutes a procedural due process violation insofar as the Class was denied procedures designed to protect their life, liberty, and property. Plaintiff and each other class members had protected liberty or property interests in their vehicles (and items therein). There is no reasonable question that Plaintiff and the Class was entitled to notice and a hearing.

61.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff

and other class members have suffered a deprivation of constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States, the constitution of the Commonwealth of Pennsylvania, and the laws thereunder.

**Count II – Violation of  Substantive Due Process Rights Under 42 U.S.C. § 1983 and Analogous State Law**

62.    Plaintiff incorporates by reference herein the ensuing paragraphs.

63.    Plaintiff asserts this claim on behalf of himself and all similarly situated class members under 42 U.S.C. § 1983, and analogous state law.

64.    Acting under color of state law, Brookhaven intentionally, recklessly, and negligently failed to instruct or control its employees and agents in their duties with respect to the towing, impoundment, and disposal of vehicles, by failing to properly process vehicles and by failing to provide notice and an opportunity to be heard.

65.    Brookhaven should have known, and upon information and belief did know, that it had an obligation under the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the towing, impoundment, and disposal of vehicles.

66.    Brookhaven failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to towing, impoundment, and disposal of vehicles, and as to notice and an opportunity to be heard in connection with same. Brookhaven had the authority and ability to prevent the deprivation of due process rights and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

67.    Brookhaven's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

68.    Brookhaven's conduct as alleged herein constitutes unlawful, deliberate, and

13

wanton conduct, by and through its employees and agents, acting under color of state law.

69.    Brookhaven's conduct as alleged herein constitutes a substantive due process violation insofar as there is no reasonable question that Plaintiff and the Class was entitled to notice and a hearing, and to protect their liberty and property interests in their vehicles (and items therein). Brookhaven's blatant disregard for these rights shocks the conscience.

70.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff and other class members have suffered a deprivation of constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States, the constitution of the Commonwealth of Pennsylvania, and the laws thereunder.

**Count III – Unlawful Taking and Seizure Under 42 U.S.C. § 1983 and Analogous State Law**

71.    Plaintiff incorporates by reference herein the ensuing paragraphs.

72.    Plaintiff asserts this claim on behalf of himself and all similarly situated class members under 42 U.S.C. § 1983, and analogous state law.

73.    Acting under color of state law, Brookhaven intentionally, recklessly, and negligently failed to instruct or control its employees and agents in their duties with respect to the towing, impoundment, and disposal of vehicles, by failing to properly process vehicles and by failing to provide notice and an opportunity to be heard.

74.    Brookhaven should have known, and upon information and belief did know, that it had an obligation under the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the towing, impoundment, and disposal of vehicles.

75.    Brookhaven should have known, and upon information and belief did know, that it had an obligation under the Constitution and laws of the United States and the constitution and

laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the towing, impoundment, and disposal of vehicles.

76.     Brookhaven failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to towing, impoundment, and disposal of vehicles, and as to notice and an opportunity to be heard in connection with same. Brookhaven had the authority and ability to prevent the deprivation of rights and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

77.     Brookhaven's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

78.     Brookhaven's conduct as alleged herein constitutes unlawful, deliberate, and wanton conduct, by and through its employees and agents, acting under color of state law.

79.     Brookhaven's conduct as alleged herein constitutes an unlawful taking under the Fifth Amendment, as incorporated by the Fourteenth Amendment, insofar as Brookhaven interfered with Plaintiff's and other class members' liberty and property rights in their vehicles (and items therein) without proper procedure, notice, hearing, or compensation.  To the extent applicable, Brookhaven's conduct also constitutes a wrongful seizure under the Fourth Amendment, as incorporated by the Fourteenth Amendment, insofar as Brookhaven interfered with Plaintiff's and other class members' liberty and property rights in their vehicles (and items therein) without proper procedure, notice, hearing, or compensation.

80.     As a direct and proximate result of the acts and omissions alleged herein, Plaintiff and other class members have suffered a deprivation of constitutional and statutory rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, the constitution of the Commonwealth of Pennsylvania, and the laws thereunder.

**Count IV – Negligence**

81.     Plaintiff incorporates by reference herein the ensuing paragraphs.

82.     Brookhaven had a duty to exercise reasonable care in the processing and handling of towed, impounded, or disposable vehicles, and the provision of notice and an opportunity to be heard in connection with same.

83.     Brookhaven intentionally, recklessly, and negligently failed to instruct or control its employees and agents of their duties with respect to the towing, impoundment, and disposal of vehicles, by failing to properly process vehicles and by failing to provide notice and an opportunity to be heard.

84.     Brookhaven should have known, and upon information and belief did know, that it had an obligation under the Constitution and laws of the United States and the constitution and laws of the Commonwealth of Pennsylvania to provide notice and a hearing to Plaintiff and other class members in connection with the towing, impoundment, and disposal of vehicles.

85.     Brookhaven failed to exercise diligence in the instruction, supervision, and control of its employees and agents as to towing, impoundment, and disposal of vehicles, and as to notice and an opportunity to be heard in connection with same. Brookhaven had the authority and ability to prevent the deprivation of rights and interests and could have done so with reasonable diligence, but grossly and recklessly failed or refused to do so.

86.     Brookhaven's wrongful conduct constitutes a policy, pattern, or practice that has had and has ongoing detrimental effects to Plaintiff's and other class member's rights.

87.     Brookhaven's conduct as alleged herein constitutes unlawful, deliberate, and wanton conduct, by and through its employees and agents, acting under color of state law.

88.     As a direct and proximate result of the acts and omissions alleged herein, Plaintiff

and other class members have been injured.

**Count III – Unjust Enrichment**

89.    Plaintiff incorporates by reference herein the ensuing paragraphs.

90.    Brookhaven unjustly benefited at the expense of Plaintiff and other class members by virtue of Brookhaven's interference with Plaintiff's and other class members' possessory interest in their vehicles (and items therein) without notice or a hearing, and, as applicable, Brookhaven's disposal of vehicles.

91.    Brookhaven was further unjustly enriched at the expense of Plaintiff and other class members by compounding fines and costs for vehicles towed and impounded without proper notice and a hearing. By failing to provide notice and a hearing, vehicles which can and should have been reclaimed earlier remained in Brookhaven's possession, and fines paid to reclaim vehicles were higher than what the otherwise would have been.

92.    Brookhaven and/or its towing agent has profited unfairly at Plaintiff's and other class members' expense.  Brookhaven obtained Plaintiff's and other class members' vehicles and items therein – property – that Brookhaven should not have been holding for the length of time or manner in which Brookhaven so held the vehicles (and items therein).

93.    It would be inequitable and unconscionable for Brookhaven and/or its towing agent to retain the benefit and profit obtained at Plaintiff's and other class members' expense.

94.    In the alternative to the other causes of actions alleged herein, Plaintiff and other class members do not have an adequate remedy at law.

95.    Plaintiff and other class members are entitled to seek and do seek restitution from Brookhaven as well as an order from this Court for the deprived value of the wrongly towed, impounded, or disposed of vehicles, and disgorgement or a constructive trust for all profits,

benefits, and other compensation obtained by Brookhaven and/or its towing agent by virtue of the wrongful conduct alleged herein.

**Count IV – 42 U.S.C. § 1988**

96.     Plaintiff incorporates by referenced herein the ensuing paragraphs.

97.     Brookhaven, as alleged herein, deprived Plaintiff and the Class of their life, liberty, or property, and procedures designed to protect same, without due process of law, under color of Pennsylvania law.

98.     Plaintiff, accordingly, is entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A.     An order certifying this action as a class action;

B.     An order appointing Plaintiff as Class Representative, and appointing undersigned counsel as Class Counsel to represent the Class;

C.     A declaration that Brookhaven violated the constitutional and related protections described herein.

D.     An order awarding appropriate preliminary and/or final injunctive relief against the conduct of Brookhaven described herein, both retroactive to provide notice and an opportunity to be heard for the Class as to vehicles previously towed, impounded, or disposed, and prospectively for future towing, impoundment, or disposal of vehicles.

E.     Payment to Plaintiff and class members of all damages, exemplary damages, and/or restitution associated with the conduct for all causes of action in an amount to be proven at trial, including but not limited to the value of Brookhaven's wrongful deprivation of vehicles and items therein as alleged herein.

18

F.      An award of attorneys' fees, expert witness fees, and costs, as provided by applicable law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed on the class members;

G.      Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

H.      Such other and further relief as this Court may deem just, equitable, or proper.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all causes of action so triable.

Dated: January 10, 2025

Respectfully Submitted,

*/s/  Ruben Honik*
Ruben Honik
David J. Stanoch, Of Counsel
Honik LLC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com
david@honiklaw.com