# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMAND BRADLEY, individually, and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| BROOKHAVEN BOROUGH | : | NO. 25-155 |

## MEMORANDUM

**Savage, J.**                                                                                                       **March 20, 2025**

In this putative class action, Armand Bradley alleges that the Borough of Brookhaven, Pennsylvania towed, impounded, and disposed of more than 700 motor vehicles without proper notice and without creating the records required by state law. He brings this class action on behalf of "[a]ll persons whose vehicles were towed, impounded, or disposed of by Brookhaven and/or its towing agent between January 2023 and the spring of 2024."[1] In a six-count Complaint, Bradley asserts § 1983 claims under the Fourteenth, Fourth, and Fifth Amendments for violations of procedural and substantive due process, and for illegal takings and seizures. He also brings analogous claims under the Pennsylvania Constitution, and state law claims for negligence and unjust enrichment. He requests compensatory and punitive damages, restitution, equitable relief, declaratory relief, and injunctive relief.

Moving to dismiss, Brookhaven argues that Bradley has not pleaded facts establishing a *Monell* claim. It further contends there is no private right of action for violations of the Pennsylvania Constitution, it is immune under Pennsylvania's Political

---

[1] Compl. ¶ 43, ECF No. 1.

Subdivision Tort Claims Act, and punitive and § 1988 damages are not recoverable from municipalities.

Because Bradley has sufficiently pleaded his § 1983, state constitution, and unjust enrichment claims, we shall deny the motion to dismiss them. We shall grant the motion with respect to the negligence claim because Brookhaven has immunity. We shall deny the motion to dismiss his requests for punitive and § 1988 damages.

## Background

In January 2023, Brookhaven hired Lampert's Garage as its towing agent.[2] From then until spring of 2024, Lampert's and Brookhaven towed approximately 775 vehicles.[3] They did not create records and did not send notices to owners of vehicles towed, impounded, and sold.[4]

In May 2023, the Brookhaven police stopped Bradley and charged him with operating a vehicle with an expired insurance card or registration.[5] They told him his vehicle would be towed.[6] He never received any other notice when his vehicle was towed, including how he could reclaim it or where it was located.[7] Brookhaven did not respond to his inquiries regarding retrieving his vehicle.[8] Bradley never recovered it.[9]

## Standard of Review

---

[2] *Id.* ¶ 27.
[3] *Id.* ¶ 31.
[4] *Id.* ¶¶ 30, 33-34.
[5] *Id.* ¶ 38.
[6] *Id.*
[7] *Id.* ¶ 40.
[8] *Id.* ¶ 41.
[9] *Id.* ¶ 42.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A conclusory recitation of the elements of a cause of action is not sufficient. *Oakwood Lab'ys LLC v. Thanoo,* 999 F.3d 892, 904 (3d Cir. 2021).  The plaintiff must allege facts necessary to make out each element.  *Id.* (quoting *Iqbal*, 556 U.S. at 669, 679).  In other words, the complaint must contain facts which support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions.  Then, we determine whether the alleged facts make out a plausible claim for relief.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).  All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor.  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted).

**Analysis**

*§ 1983 Claims*

Bradley alleges that Brookhaven's practice of towing, impounding, and disposing of vehicles without notice, an opportunity to be heard, or sufficient record keeping violated

the Fourteenth Amendment's procedural and substantive due process protections, as well as the Fourth Amendment's takings clause and the Fifth Amendment's seizures clause.

A municipality may be liable under 42 U.S.C. § 1983 only when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. *Est. of Roman v. City of Newark,* 914 F.3d 789, 798 (3d Cir. 2019) (citing *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)). Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the "moving force" behind the constitutional tort of one its employees. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). Liability cannot be predicated on a theory of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 693-94.

To establish a governmental policy or custom, the plaintiff must show either that the decisionmaker possessing final authority to set municipal policy issued an official statement of policy or that a governmental custom developed when the official acquiesced to a course of conduct to the extent that it operated as law. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). An "official policy" is created not only by formal rules but also when the "government's authorized decisionmakers" make the "decision to adopt [a] particular course of action." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). A "custom" exists when a "widespread practice" is "so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal citations omitted).

4

Brookhaven argues the Complaint fails to plead facts which establish a *Monell* claim. It notes there are no allegations that a policymaker had knowledge of prior unlawful conduct or failed to prevent future violations. It also argues Bradley cannot bring a *Monell* claim based on a single instance of conduct.

Bradley has plausibly alleged that Brookhaven had a policy or practice of towing, impounding, and selling vehicles without notice, an opportunity to be heard, or proper record keeping between January of 2023 and spring of 2024.[10] Brookhaven hired Lampert's and acquiesced in its towing practices. The Complaint clearly alleges a widespread practice, not a single instance. The practice was so obvious that one may plausibly infer that Brookhaven knew of it and acquiesced in its execution. Thus, Bradley, a putative class representative, has sufficiently pleaded a *Monell* claim.

## State Law Claims

Brookhaven correctly states that Pennsylvania does not have a private right of action seeking damages for constitutional violations. "[N]either Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006). However, declaratory and injunctive relief are available. *Id.* at 1216. Bradley asks for both. Therefore, we will not dismiss the state constitutional claims to the extent Bradley seeks declaratory and injunctive relief.

In Count IV, Bradley brings a negligence claim. Brookhaven asserts immunity under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, *et seq.* ("PSTCA"). The PSTCA provides immunity for local agencies from tort liability.

---

[10] *See id.* ¶¶ 4, 25, 30, 58.

*Id.* There are nine exceptions to immunity, including vehicle liability and personal property. *Id.* § 8542. These exceptions are "narrowly construed." *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 86 (Pa. Commw. Ct. 2005). Bradley invokes two exceptions. Neither applies.

The vehicle liability exception applies to the "operation of any motor vehicle in the possession or control of the local agency." 42 Pa. Cons. Stat. § 8542(b)(1). The operation of a vehicle:

> . . . entails a series of decisions and actions, taken together, which transport the individual from one place to another. The decisions of where and whether to park, where and whether to turn, whether to engage brake lights, whether to use appropriate signals, whether to turn lights on or off, and the like, are all part of the 'operation' of a vehicle.

*Balentine v. Chester Water Auth.*, 191 A.3d 799, 809-10 (Pa. 2018) (citation and internal quotation marks omitted). Bradley claims Brookhaven towed, impounded, and sold motor vehicles. He does not claim any Brookhaven employee operated the vehicles. Consequently, this exception does not apply.

The PSTCA includes an exception for the "care, custody or control of personal property of others in the possession or control of the local agency." 42 Pa. Cons. Stat. § 8542(b)(2). This exception applies to damage to, or negligent handling of, personal property. *Sherwood v. Pa. Dep't of Corrs.*, 240 A.3d 669, No. 767 M.D. 2018, 2020 WL 5406235, at *8 (Pa. Commw. Ct. Sept. 9, 2020) (unpublished table decision). It does not apply to the taking of personal property, such as the towing and impoundment of vehicles. *Id.* Thus, the negligence count will be dismissed.

Finally, Brookhaven moves to dismiss Bradley's claim for unjust enrichment. Brookhaven argues it was not "directly responsible" for the towing, impoundment, or

disposal of vehicles, and that under the PSTCA, a municipality cannot be liable for the actions of a third-party contractor.[11]  The Complaint includes allegations that Brookhaven and/or Lampert's Garage towed, impounded, and sold vehicles, "unjustly profited" from vehicle sales, and benefited from compounding fines and costs for towed vehicles.[12]  Therefore, at this stage, we will not dismiss this claim.

*Damages*

Prevailing parties in civil rights litigation are entitled to an award of reasonable attorney's fees under 42 U.S.C. § 1988.  Because Bradley's § 1983 claims survive this motion, his request for attorney's fees under § 1988 also survives.

Brookhaven correctly asserts punitive damages are not recoverable against a municipality in a § 1983 suit.  *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981).  There is no prohibition of punitive damages in the unjust enrichment claim.

**Conclusion**

Bradley has sufficiently pleaded claims under § 1983 and the Pennsylvania Constitution, and for unjust enrichment.  We shall deny the motion to dismiss with respect to these claims.  But the vehicle liability and personal property exceptions to government immunity do not apply to his allegations.  Therefore, we shall grant the motion to dismiss with respect to the negligence claim.

---

[11] Mot. Def. Brookhaven Borough to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) at 9, ECF No. 11-2 (ECF pagination).

[12] Compl. ¶¶ 6-7, 91.